**SO ORDERED.**

**SIGNED this 29 day of November, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

RUSSELL CHALFONT AND             CASE NO. 12-07428-8-JRL
JENNIFER CHALFONT,

                                 CHAPTER 13
    DEBTORS.

ORDER

This matter came before the court on the debtors' motion to impose the automatic stay and the motion for relief from the automatic stay filed by State Employees' Credit Union ("SECU"). A hearing took place in Raleigh, North Carolina on November 27, 2012.

Russell Chalfont ("male debtor") and Jennifer Chalfont ("female debtor") (collectively "debtors") filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 17, 2012. SECU holds a promissory note executed by the debtors on April 14, 2009, in the original amount of $234,000.00, which is secured by a deed of trust on the debtor's property located at 233 Muses Mill Court, Holly Springs, North Carolina ("real property"). The debtors have defaulted on their obligations under the note and are currently delinquent in the amount of $21,079.57. The debtors currently owe SECU approximately $241,989.75 on the note and the

scheduled value of the real property is $230,000.00.

On November 1, 2012, SECU filed the motion for relief from the automatic stay or adequate protection currently before the court, requesting relief from the automatic stay. As an additional expense of instituting the action, SECU incurred reasonable attorneys' fees and expenses, which it requests the debtors be deemed responsible. On November 2, 2012, the debtor filed a response opposing the relief requested by SECU in the motion for relief from the automatic stay. Thereafter on November 6, 2012, the debtors filed a motion to impose the automatic stay, pursuant to § 362(c)(4)(B).

Two prior cases of the debtors' were pending within the preceding one-year period. The debtors' first prior case, Case No.10-05374-8-JRL, was filed on July 6, 2010 and was dismissed on November 10, 2011. The debtors' second prior case, Case No. 11-08670-8-SWH, was filed on November 11, 2011, and dismissed on July 11, 2012. Both prior cases were dismissed for the debtors' failure to make their required chapter 13 plan payments.[1] Therefore, the automatic stay did not go into effect upon the debtors' current filing, see 11 U.S.C. § 362(c)(4)(A)(i), and the current filing is subject to the presumption that it was not filed in good faith pursuant to 11 U.S.C. § 362(c)(4)(D). Because the debtors' current bankruptcy petition follows two previously dismissed cases within the preceding one-year period, the automatic stay may only be imposed if the debtors can rebut the presumption that the case was not filed in good faith by clear and convincing evidence. 11 U.S.C. §§ 362(c)(4)(D)(i), 362(c)(4)(B). To rebut the § 362(c)(4)(D) presumption and invoke the protections afforded by the automatic stay, the debtors "must present clear and convincing evidence

---

[1] At the time of each prior dismissal, the debtors had proposed and the court had confirmed their chapter 13 plan.

that the circumstances between the . . . filings have so changed that the debtor[s] will be able to confirm and successfully complete a chapter 13 plan." In re Brown, No. 11-06998-8-JRL, slip. op., at 2 (Bankr. E.D.N.C. Nov. 3, 2011).

At the hearing, the female debtor testified that the debtors' circumstances have changed substantially since the previous filing in that she obtained employment with the Wake County Public School System as a fourth grade teacher at Holly Ridge Elementary, which increased her monthly income by approximately $600.00 per month from her previous employment. According to her testimony, this sizable increase in her monthly income, along with curtailing their expenses and the surrender of a vehicle, will allow the debtors to confirm and successfully complete their chapter 13 plan.

After considering the record, testimony of the female debtor and other evidence presented, the court finds that the debtors have rebutted the presumption that their current case was not filed in good faith by clear and convincing evidence. Because they have successfully rebutted the presumption, the automatic stay is hereby imposed against all creditors. Persuading the court was the fact that the previous dismissals arose from the debtors' failure to make their required plan payments and the female debtor's procurement of new employment will likely provide the immediate increase in income needed for their current case and plan to be successful. Cf. Brown, No. 11-06998-8-JRL, at 2 (holding that the debtor failed to provide clear and convincing evidence to rebut the presumption where there was "virtually no evidence of a change in circumstances [as] [t]he debtor's income is exactly the same as it was at the time of the first case."); In re Ortiz, 355 B.R. 587, 592-93 (Bankr. S.D. Tex. 2006) (noting that the debtor failed to meet the clear and convincing standard required by § 362(c)(4)(D) because the testimony concerning her changed fiscal personal

circumstances was neither persuasive nor credible).  Furthermore, the court finds that there is not sufficient cause to grant SECU relief from the automatic stay under § 362.

Based on the foregoing and pursuant to § 362(c)(4)(B), the debtors' motion to impose the automatic stay is **ALLOWED** and SECU's motion for relief from the automatic stay is **DENIED.** The debtors are ordered to tender their chapter 13 plan payments to the trustee within thirty (30) days of the due date.  Should they fail to make their plan payments as set forth above, their case will be dismissed without further hearing of this court.  Additionally, SECU will be allowed to add the reasonable attorneys' fees and costs incurred in the prosecution of this action to its secured claim.

**END OF DOCUMENT**